# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**In Re: C.M.**

**No. 13-0134** (Webster County 11-JA-48)

**FILED**

October 1, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother, by counsel Howard J. Blyler, appeals the Circuit Court of Webster County's order entered on November 20, 2012, terminating her custodial rights to C.M. The West Virginia Department of Health and Human Resources ("DHHR"), by Charlene A. Vaughan, its attorney, filed its response. The guardian ad litem, Michael W. Asbury Jr., filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her custodial rights to C.M.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The DHHR filed the underlying abuse and neglect petition based on the condition of petitioner's home, issues with C.M.'s hygiene, and a prior abuse and neglect petition filed against petitioner in October of 2003 involving similar circumstances. Petitioner waived a preliminary hearing and the circuit court ordered C.M. into the legal and physical custody of the DHHR, while allowing petitioner and her husband supervised visitation. At the adjudicatory hearing in October of 2011, petitioner admitted to the allegations in the petition of unsanitary conditions in the home and did not object to the circuit court taking judicial notice of the prior abuse and neglect petition. At the first dispositional hearing in December of 2011, petitioner called C.M. to testify, but the circuit court sustained the guardian's objection that C.M. suffers from migraine headaches and that testifying could trigger such a headache. At a subsequent dispositional hearing, a psychiatrist testified that due to petitioner's psychiatric condition, petitioner would only be able to maintain the living conditions at her home with professional maintenance services to assist her. At the same hearing, the DHHR testified that they are unable to provide such services. By order entered November 20, 2012, following several dispositional hearings, the circuit court terminated petitioner's custodial rights and granted her unsupervised visitation. The circuit court found that, while C.M. wished to return to Petitioner Mother and her husband and had a strong bond to them, C.M. suffered significant stress as a result of her hygiene and other issues. The circuit court further found that, while petitioner has some economic limitations, the parents had the ability to provide a fit and suitable home and did not do so. In light of petitioner's previous abuse and neglect proceedings, the circuit court found that there are no reasonable grounds to believe that petitioner and her husband can or will substantially correct

1

the circumstances of abuse and neglect within the reasonably foreseeable future. The circuit court ordered that petitioner have unsupervised visitation with C.M. every other weekend for six hours, provided the parents maintain utilities and heat, and the home is "fit, clean and suitable." Petitioner appeals the November of 2012 order terminating her custodial rights, seeking to bring C.M. back into her home.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.,* 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.* 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court should have permitted C.M. to testify regarding her preferences for placement and that it erred in finding that petitioner could not maintain a safe and suitable home for C.M. Rule 8 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings establishes a rebuttable presumption that the potential psychological harm to the child outweighs the necessity of the child's testimony and allows the circuit court to exclude such testimony if

(A) the equivalent evidence can be procured through other reasonable efforts; (B) the child's testimony is not more probative on the issue than the other forms of evidence presented; and (C) the general purposes of these rules and the interest of justice will best be served by the exclusion of the child's testimony.

Further,

"courts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

2

Syl. Pt. 4, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

This Court finds that evidence equivalent to C.M.'s testimony was already procured. Specifically, the circuit court was already aware of the bond between C.M. and petitioner, as well as the child's desire to return to petitioner's home. The circuit court specifically found that Petitioner Mother's neglect of C.M. was based upon her failure to maintain a suitable home and that at the time of the petition the home was in "deplorable and subhuman conditions." The circuit court found that C.M.'s hygiene problems and other issues led to significant stress for her, due to her peers not wanting to interact with her.

This Court also finds that the circuit court was presented with sufficient evidence upon which it based its findings that there were no reasonable grounds to believe that conditions of abuse and neglect could be substantially corrected in the near future and that termination of custodial rights was necessary for the child's welfare. Petitioner has a lengthy history of failing to maintain sanitary conditions in her home, and the harm it caused C.M. is thoroughly discussed. Pursuant to West Virginia Code § 49-6-5(a)(6), the circuit court is required to terminate custodial rights upon such findings.

For the foregoing reasons, we find no error in the decision of the circuit court and the termination of custodial rights is hereby affirmed.

Affirmed.

**ISSUED**: October 1, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**

Justice Menis E. Ketchum